IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MONROE DAVIS, | : | CIVIL ACTION |
|     Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ALLENTOWN POLICE DEPT, *et al.*, | : | NO. 18-686 |
|     Defendants. | : | |

## MEMORANDUM OPINION

**Schmehl, J.  /s/ JLS**                                                                              December 12, 2018

### I.     INTRODUCTION

*Pro se* Plaintiff, Eric Monroe Davis, who is currently incarcerated at SCI-Albion, filed an application to proceed *in forma pauperis* in this matter on February 15, 2018, then filed an Amended application on the proper form on March 5, 2018.  IFP was granted, the Complaint in this matter was docketed on March 12, 2018, and on August 6, 2018, Defendants filed a Motion to Dismiss. For the reasons that follow, I will grant Defendants Motion to Dismiss and dismiss Plaintiff's Complaint without prejudice.

### II.    FACTS

Plaintiff claims his Federal Constitutional rights were violated when the Defendants falsified sworn documents – the affidavit of probable cause for his arrest - which included witness statements that were not true. (*See* Docket No. 7.) Plaintiff was arrested on June 2, 2016, for (1) criminal homicide, (2) conspiracy to commit criminal homicide, (3) robbery, (4) conspiracy to commit robbery, (5) burglary, (6) conspiracy to commit burglary, (7) aggravated assault, (8) conspiracy to commit aggravated assault, (9) murder of the second degree, and (10) conspiracy to commit murder of the second degree. Per public records, on June 14, 2017,

Plaintiff was convicted of robbery, conspiracy to commit robbery, burglary, conspiracy to commit burglary, aggravated assault, conspiracy to commit aggravated assault, murder of the second degree and conspiracy to commit murder of the second degree. (*See* Judicial System of Pennsylvania Docket No. CP-39-CR0002980-2016 Docket Sheet attached as Exhibit "A" to Defendants' Motion.) Plaintiff was sentenced to life imprisonment and is currently serving his sentence at SCI-Albion.

Plaintiff alleges that in the course of defending himself against the criminal charges, he and his attorney obtained statements of witnesses and grand jury testimony which differed from the information contained in the affidavit of probable cause and that the statements of the witnesses were not consistent with each other. (*See* Docket No. 7.) Plaintiff appears to be alleging violations of his rights under the Fourth Amendment to the United States Constitution, resulting in a claim for § 1983 unlawful arrest.

### III. LEGAL STANDARD

The Court granted Plaintiff leave to proceed *in forma pauperis*. Accordingly, the Court is required to dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## IV. DISCUSSION

Defendants argue that Plaintiff's claims must be dismissed pursuant to the "favorable termination rule." The favorable-termination rule was first set out in *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the United States Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Heck*, 512 U.S. at 486-87. In 2005, the Third Circuit interpreted *Heck* to mean that "a §1983 action that impugns the validity of the plaintiff's underlying conviction cannot be maintained unless the conviction has been reversed on direct appeal or impaired by collateral proceedings." *Gilles v. Davis*, 427 F.3d 197, 208-09 (3d Cir. 2005). It is undisputed that in order to pursue a Fourth Amendment claim for unlawful arrest and avoid the application of the *Heck* doctrine, Plaintiff's criminal case must have concluded in a manner indicating his innocence. In short, the criminal case must have resulted in a "favorable termination" for Plaintiff. *Heck*, 512 U.S. 477.

As indicated in the state court docket entries that are attached to Defendants' Motion as Exhibit A, a jury convicted Plaintiff of the charges stemming from his June 2, 2016, arrest by Defendants upon which Plaintiff bases this instant civil action. These convictions would be undermined if Plaintiff was successful in pursuing the instant unlawful arrest claim. Accordingly, Plaintiff's unlawful arrest claim under § 1983 is barred and must be dismissed. However, as indicated in the state court docket entries, Plaintiff has appealed his conviction to the Pennsylvania Superior Court. That appeal is still pending; accordingly, Plaintiff's Complaint will

be dismissed without prejudice to his right to refile the instant action if his conviction should be overturned on appeal.

## V. CONCLUSION

Plaintiff's Complaint clearly fails to assert a claim upon which relief can be granted based upon the application of the *Heck* doctrine. Accordingly, the Complaint is dismissed.